# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JOSEPH L. JOHNSON, #150899**                                                           **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 2:12-cv-183-KS-MTP**

**RONALD KING and JOHNNIE DENMARK**                             **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Johnson, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Walnut Grove Correctional Facility, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The named Defendants are Ronald King, Superintendent of South Mississippi Correctional Institution (SMCI) and Johnnie Denmark, Warden of SMCI. Upon liberal review of the Complaint and subsequent pleadings, the Court has reached the following conclusions.

**I.    Background**

On June 21, 2012, Plaintiff was issued a rule violation report (RVR) by Warden Denmark. Plaintiff was found guilty of the violation. Plaintiff claims that MDOC failed to follow their own procedures because his hearing regarding the RVR was held in the middle of July as opposed to being held within seven working days. Resp. [9] at 1. Plaintiff claims that the delay in his disciplinary hearing combined with the fact that he was not allowed to call witnesses violated his Due Process rights. Plaintiff further complains that Superintendent King failed to investigate his grievance regarding the RVR and incorrectly denied his appeal in the prison administrative remedy program. It appears the punishment imposed as a result of the

guilty finding was either a review of Plaintiff's custody level or a reduction in his custody level.

Plaintiff was unable to verify the exact punishment imposed including if he lost any "good-time"

sentence credits. *See* Resp. [18]; Orders [8, 13, 17]. Although it appears unlikely that

Plaintiff's term of imprisonment for gratification of lust is eligible for "good-time" credits, the

Court will consider Plaintiff's claims as if he did lose sentence credits as a result of this

disciplinary conviction. As relief, Plaintiff is requesting that the RVR be "removed from [his]

records," that he be awarded monetary damages and that he be transferred back to SMCI.

Compl. [1] at 4; Resp. [9] at 2.

## II.     Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines

an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious."

*See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks

an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn

v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Johnson

to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening

procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Habeas Corpus Claims

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional

prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983. *See Cook v.

Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). In

contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner

challenging the fact or duration of his confinement and seeking a speedier or immediate release

from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)). Since the restoration of sentence credits would result in the Plaintiff receiving an accelerated release from incarceration, he "cannot . . . recover good-time credits lost in a prison disciplinary proceeding" in a § 1983 civil action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)(en banc). Instead, Plaintiff must pursue any request for restoration of sentence credits through a petition for habeas corpus relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits). Therefore, to the extent Plaintiff has asserted a habeas corpus claim for the restoration of sentence credits, his claim will be dismissed from this § 1983 case, without prejudice.

**B. Section 1983 Claims**

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). An inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996). Nor does an inmate have a

constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010)(holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation"). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted). Likewise, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). Therefore, to the extent Plaintiff seeks restoration of a certain custody level or a transfer back to SMCI, he is not entitled relief.

As set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994), a prisoner cannot bring a § 1983 action based on a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or the length of his confinement." *Clarke*, 154 F.3d at 189 (internal quotations omitted)(citing *Heck*, 512 U.S. at 486-87). A prison disciplinary decision that results in a change to the prisoner's sentence is considered a conviction for purposes of *Heck. Id.* Therefore, a prisoner's claims for declaratory relief and money damages based on alleged defects in his disciplinary process are barred by the *Heck* doctrine because such claims would "necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648. If the Court were to find in Plaintiff's favor and determine that his prison disciplinary conviction was invalid and should be vacated, it would "necessarily imply the invalidity of the

punishment imposed," meaning it would necessarily imply the invalidity of any loss of good-time credits that he may have suffered. *Id.* Since the rule set forth in *Heck v. Humphrey* and *Edwards v. Balisok* apply to Plaintiff's claims, he must demonstrate that his disciplinary conviction has been invalidated as a prerequisite for this case to proceed under § 1983. Plaintiff has failed to demonstrate that the complained of disciplinary action has been invalidated.[1] As such, the Court finds that Plaintiff's § 1983 claims seeking expungement of his disciplinary conviction and monetary damages are not cognizable at this time. *See e.g., Evans v. Baker*, 442 F. App'x 108, 110 (5th Cir. 2011)(finding dismissal under *Heck* and *Edwards* of inmate's § 1983 complaint seeking expungement of adverse disciplinary proceedings to be proper even after inmate withdrew his claim to have good-time credits restored).

Furthermore, an inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable). As such, Plaintiff's claims related to how his grievance or appeal of this guilty finding was handled within the prison administrative remedy program are not cognizable.

Finally, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by this RVR and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden*

---

[1] On two separate occasions, Plaintiff was ordered to specifically state if the complained of RVR has been invalidated by any of the means set forth in *Heck*. *See* Orders [8, 13]. Plaintiff has submitted a copy of the response from the prison administrative remedy program which denied his appeal of the disciplinary action. *See* Attach. to Resp. [14-1].

*v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

## III. Conclusion

As discussed above, to the extent Plaintiff is asserting habeas corpus claims, they will be dismissed from this § 1983 case without prejudice.[2] Plaintiff's § 1983 claims are dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).[3] The dismissal of Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(finding claims are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 22nd day of April, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2]As stated above, it is not entirely clear if Plaintiff lost any good-time credits to seek habeas relief and the Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

[3]*See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(finding *Heck* barred claims are legally frivolous); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding "[u]nder *Heck,* Johnson cannot state a claim" until his conviction is invalidated); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous).